IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                              ORDER

      v.                                      09-cr-13-bbc-01

JAMES L. HROBSKY,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of James L. Hrobsky's supervised release was held on November 29, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 21, 2009, following his conviction for conspiracy to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on July 25, 2011. On August 10, 2011, he violated the mandatory condition prohibiting him from committing another crime when he resisted an officer during a traffic stop. He violated this condition a second time on October 5, 2011, when he was arrested for disorderly conduct after he threatened a Watertown, Wisconsin, bartender. On August 9, 2011 and October 5, 2011, defendant violated Standard Condition No. 7, prohibiting him from excessive use of alcohol, and Special Condition No. 5, prohibiting his use of alcohol, when he consumed alcohol and tested at .17% blood alcohol concentration on both occasions.

Defendant violated Standard Condition No. 2, which requires him to submit written monthly report forms, when he failed to submit written monthly report forms for the months of August and September 2011. Defendant violated Standard Condition No. 3, which requires him to follow the instructions of the probation officer. On August 10, 2011, the probation office instructed defendant to refrain from consuming alcohol and to avoid patronizing establishments where alcohol is the primary source of revenue. Defendant consumed alcohol on October 5, 2011, and patronized Watertown, Wisconsin, taverns on October 5, 6, and 7, 2011. Defendant violated Standard Condition No. 11, requiring him

to report law enforcement contact within 72 hours, when he failed to report his October 5, 2011, law enforcement contact.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations are serious but his response to them warrants a sentence below the advisory guidelines.

Defendant's criminal history category is II. With Grade C violations, defendant has an advisory guideline term of imprisonment of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to allow defendant to continue to positively address his sobriety while participating in treatment, including medical treatment with Antabuse, and to allow him to continue to work

3

and attend college.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 21, 2009, is continued. All standard and special conditions of supervised release previously imposed shall remain in effect.

Entered this 29th day of November, 2011.

BY THE COURT:

/s/

Barbara B. Crabb

U.S. District Judge