IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                             ORDER

      v.                                              09-cr-13-bbc-01

JAMES L. HROBSKY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of James L. Hrobsky's supervised release was held on March 9, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 21, 2009, following his conviction for conspiracy to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

This offense is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

On July 25, 2011, defendant began his term of supervised release.  On November 29, 2011, a judicial review hearing was held to address defendant's violations of supervised release.  Defendant's supervision was continued at that time.  Defendant now appears for his second judicial review hearing within three months. Defendant violated Standard Condition No. 2, which requires him to submit written monthly report forms, when he failed to submit a written monthly report form for December 2011.  Defendant violated Standard Condition No. 3, which requires him to follow the instructions of the probation officer, when he failed to remain home on New Years Eve as instructed.

Defendant violated Standard Condition No. 5 requiring him to work regularly at a lawful occupation when he failed to report for work on January 9, 10, and 11, 2012. Defendant violated Special Condition No. 4 requiring him to participate in a mental health referral, assessment and treatment, when in December 2011, he failed to contact Dr. Thomas Moran as instructed.  Defendant violated Special Condition No. 5, prohibiting him from using illegal drugs and requiring him to participate in treatment, as evidenced by his December 6, 2011, urine specimen, which tested positive for cocaine.  He violated Special Condition No. 5 again by failing to report for random drug tests on December 13 and 27,

2

2011 and January 4, 2012, and when he failed to report for a substance abuse treatment session on January 10, 2012.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory sentencing guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is II. With Grade C violations, defendant has an advisory guideline term of imprisonment of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is two years under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence

3

is to allow defendant to participate in inpatient substance abuse treatment and to serve as a specific deterrent.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 21, 2009 is revoked. Defendant is sentenced to time served, to be followed by a 30-month term of supervised release. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following three special conditions:

> Special Condition No. 9: Defendant shall not enter any establishment whose primary business is the sale of alcoholic beverages;

> Special Condition No. 10: Defendant shall spend up to 30 days in substance abuse and mental health inpatient treatment at Tellurian UCAN, 300 Femrite Drive, Madison, Wisconsin, 53716, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy.

> Defendant must abide by the rules and structure of the treatment program.

> Special Condition No. 11: Defendant shall spend up to 180 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.  Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 9th day of March, 2012.
BY THE COURT:
/s/
Barbara B. Crabb
District Judge